UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KIP BARNETT,
individually and on behalf of all
others similarly situated,

       **CLASS ACTION**

    Plaintiff,

       **JURY TRIAL DEMANDED**

v.

FITNESS INTERNATIONAL, LLC
d/b/a LA FITNESS,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Kip Barnett brings this class action against Defendant Fitness International, LLC d/b/a LA Fitness, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. With over 700 locations, Defendant is the largest fitness facility owner/operator in the country. Its annual revenue consistently exceeds $2 billion.

2. During a time when the entire country is focused on dealing with the health and financial impact of the COVID-19 pandemic, Defendant seized on the opportunity to enrich itself.

3. Specifically, on or about March 16, 2020, Defendant voluntarily closed its fitness facilities around the country through April 1, 2020, and furloughed most of its employees. Rather than provide a much-needed refund to its members, Defendant kept millions of dollars in unearned membership fees.

4. On March 23, 2020, Plaintiff, through counsel, sent a correspondence to Defendant

1

demanding for Defendant to refund unearned membership fees to all members of Defendant's facilities.

5. On March 27, 2020, Defendant responded by stating that it was "reviewing" the issue. Then, at 1:28 a.m. on March 30, 2020, Defendant sent an email to all members purporting to offer extended memberships or a free three-month membership for a friend or family member as an apology for closing its facilities earlier in the month and not refunding its members.

6. The e-mail contains hyperlink to Defendant's website where members are supposed to select one of the two options. Defendant's website contains a "Limitation of Liability" clause in its Terms and Conditions, which absolves Defendant of liability for the unearned membership fees it is attempting to keep for this month.

7. As of the filing of this lawsuit, Defendant has yet to reimburse its members, including Plaintiff, the millions of dollars in unearned membership fees it collected this month.

8. Accordingly, Plaintiff has been left with no choice but to file this lawsuit to seek damages on behalf of himself and the Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Florida. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in part within this District and, on information and belief, Defendant committed the same wrongful acts to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

10. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of residence of the named parties. Additionally, this court has subject matter

jurisdiction under 28 U.S.C. § 1332(d)(2). Plaintiff seeks damages, which, when aggregated among a proposed class numbering in the millions, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

12. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Broward County, Florida.

13. Defendant is a California limited liability company whose principal office is located at 3161 Michelson Dr. Ste. 600, Irvine, CA 92612.

## FACTS

14. Plaintiff has been a member of Defendant's fitness facilities for over 14 years and has a month-to-month membership agreement with Defendant.

15. Earlier this month, Plaintiff paid his membership fee of $32.09 to Defendant for the month of March 2020.

16. On March 16, 2020, Defendant voluntarily closed its fitness facilities around the country, including the location where Plaintiff regularly exercises.

17. On or about March 20, 2020, Plaintiff received an e-mail from Defendant stating that Defendant had decided to voluntarily close its clubs through March 31, 2020.

18. However, rather than reimburse Plaintiff the unearned membership fee amount of $15.52 for the remainder of the month, Defendant kept that amount and notified Plaintiff in the e-mail that all billing would be suspended, but not until April 1, 2020.

19. On March 23, 2020, Plaintiff, through counsel, sent a correspondence to Defendant demanding "(1) that Fitness International refund to him prorated fees from the date of the voluntary closure through March 31, 2020; (2) that Fitness International reimburse all membership accounts prorated fees from the date of the voluntary closure through March 31, 2020; and (3) that Fitness International modify its policies and procedures so that members are not charged fees when Fitness International voluntarily closes its facilities."

20. On March 27, 2020, Defendant responded to Plaintiff's demand by e-mailing Plaintiff's counsel and stating that it was "reviewing" the issue.

21. Then, on March 30, 2020 at approximately 1:28 a.m., Defendant sent an e-mail to all members with a purported apology and offer to compensate members for the early closure of its clubs. The offer contained in the e-mail is as follows:

> OPTION 1: A free additional one-month extension to the end of your membership; or
>
> OPTION 2: A three-month membership (valued at over $175) for you to give to a friend or family member, which will give them access to all of our clubs.

22. To redeem the offer, Plaintiff and other members are required to click on a hyperlink re-directing them to Defendant's website. That website contains terms and conditions, including a "Limitation of Liability" pursuant to which Defendant self-servingly absolves itself of all liability for any damages resulting from the interruption of its services. For example, the unearned membership fees at issue in this case.

23. Plaintiff did not click on the link and is not bound by Defendant's "Limitation of Liability" clause.

24. As of the filing of this Complaint, Plaintiff and the Class Members have not been

4

reimbursed the unearned membership fees at issue.

25. Plaintiff and the Class Members have been harmed by Defendant in the amount of unearned membership fees totaling in the millions of the dollars for the time period of March 16, 2020 through March 31, 2020.

## CLASS ALLEGATIONS

### PROPOSED CLASS

26. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

27. Plaintiff brings this case on behalf of following Class:

> **All persons who paid to Defendant membership fees for the month of March 2020 and have not received reimbursement for the time period of March 16, 2020 through March 31, 2020 during which Defendant's facilities were closed.**

28. Defendant and its employees or agents are excluded from the Class.

29. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

30. Upon information and belief, Defendant has harmed thousands of consumers by keeping unearned membership fees for the month of March 2020. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

32. There are numerous questions of law and fact common to the Class which predominate

over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) whether Defendant unjustly enriched itself by failing to reimburse Plaintiff and the Class Members unearned membership fees; (2) whether Defendant negligently enriched itself by failing to reimburse Plaintiff and the Class Members unearned membership fees; (3) whether Plaintiff and the Class Members have suffered monetary damages; and (4) whether Plaintiff and the Class Members are entitled to injunctive relief.

33. The common questions in this case are capable of having common answers. If Plaintiff's claims are accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class Members are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote,

and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### UNJUST ENRICHMENT
**(On Behalf of Plaintiff and the Class)**

38. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

39. Plaintiff and the Class Members conferred a benefit upon Defendant in the form of membership fees for the month of March 2020.

40. Defendant had knowledge of the benefits conferred upon it by Plaintiff and the Class Members.

41. Defendant voluntarily accepted and retained the benefits conferred upon it by Plaintiff and the Class Members, even after it voluntarily closed its facilities.

42. Under the circumstances, it would be inequitable for Defendant to retain the benefit conferred upon it by Plaintiff and the Class Members.

43. Defendant has been unjustly enriched and is required to refund Plaintiff and the Class Members the benefits they conferred upon Defendant.

44. Plaintiff and the Class Members demand the applicable relief set forth in the Prayer for Relief below.

**COUNT II**
**NEGLIGENCE**
**(On Behalf of Plaintiff and the Class)**

45.   Plaintiff incorporates and realleges by reference each and every allegation contained in paragraphs 1-37 as if fully set forth herein.

46.   Defendant had a duty to Plaintiff and the Class Members to provide fitness facility services in exchange for the membership dues it collected from Plaintiff and the Class Members for the month of March 2020.

47.   Defendant breached its duty to Plaintiff and the Class Members by failing to provide services from March 16, 2020 through March 31, 2020, and by failing to reimburse Plaintiff and the Class Members the membership fees that they paid.

48.   Defendant knew or should have known that its wrongful acts would cause damage to Plaintiff and the Class Members.

49.   Defendant's conduct has directly and proximately caused damages to Plaintiff and Class Members in the amount of unearned membership fees paid by Plaintiff and the Class Members.

50.   Plaintiff and the Class Members demand the applicable relief set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kip Barnett, on behalf of himself and the Class Members, prays for the following relief:

a.   A declaration that this lawsuit may properly be maintained as a class action and certifying the Class claims herein;

      b.      Award Plaintiff and the Class Members actual damages, including the total amount of unearned membership fees collected by Defendant for the period of March 16, 2020 through March 31, 2020.

      c.      Award Plaintiff and the Class Members injunctive relief in the form of a guarantee by Defendant not to charge membership fees during periods when its facilities are closed, as well as adopting policies and procedures to ensure that members are reimbursed fees collected for any period during which Defendant's facilities are closed.

      d.      Award other declaratory and injunctive relief as permitted by law;

      e.      Award Plaintiff and the Class Members damages flowing from the requested injunction;

      f.      Appoint the undersigned as Class Counsel;

      g.      Appoint Plaintiff as Representatives of the Class;

      h.      Award reasonable attorneys' fees, filing fees, expert fees, and costs of suit to counsel based upon the benefit received by Plaintiff and the Class Members; and

      i.      Award Plaintiff and the Class Members any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff and the Class Members hereby demand a trial by jury.

Date:  March 30, 2020

                                                  Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*