**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:20-cv-60658-WPD**

KIP BARNETT,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

FITNESS INTERNATIONAL, LLC
d/b/a LA FITNESS,

      Defendant.
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT[1]**

      Plaintiffs Kip Barnett and Samuel Enzinna bring this class action against Defendant Fitness

International, LLC d/b/a LA Fitness, and allege as follows upon personal knowledge as to

themselves and their own acts and experiences, and, as to all other matters, upon information and

belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

      1.     With over 700 locations, Defendant is the largest fitness facility owner/operator in the

country.  Its annual revenue consistently exceeds $2 billion.

      2.     During a time when the entire country is focused on dealing with the health and financial

impact of the COVID-19 pandemic, Defendant seized on the opportunity to unlawfully enrich itself.

      3.     Specifically, on March 16, 2020, Defendant voluntarily and indefinitely closed its

fitness facilities around the country and furloughed most of its employees.  All of Defendant's facilities

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff hereby amends his Complaint as a matter of course.

1

remain closed.

4.      Rather than cease its collection of membership fees, Defendant continued charging its members, primarily through automatic electronic debits that Plaintiffs and the putative class members were helpless to stop.

5.      Instead of doing the right by its members and refunding the unearned membership fees it should have never collected in the first place, Defendant has kept millions of dollars to which it is not entitled.  Plaintiffs estimate that Defendant is wrongfully refusing to refund at least $100,000,000 in unearned membership fees, and potentially even more.

6.      Prior to filing this lawsuit, Plaintiff Barnett, through counsel, sent a correspondence to Defendant demanding for Defendant to refund unearned membership fees to all members of Defendant's facilities.

7.      Four days later, on March 27, 2020, Defendant responded by stating that it was "reviewing" the issue.  Then, at 1:28 a.m. on March 30, 2020, Defendant sent an email to all members purporting to offer extended memberships or a free three-month membership for a friend or family member as an apology for closing its facilities earlier in the month and not refunding its members.

8.      The e-mail contains hyperlink to Defendant's website where members are supposed to select one of the two options.  Predictably, Defendant's website contains a "Limitation of Liability" clause in its Terms and Conditions that absolves Defendant of liability for the unearned membership fees it is attempting to keep.

9.      On April 22, 2020, Plaintiff Enzinna, through counsel, notified Defendant that he would be joining this lawsuit, and demanded confirmation of whether Defendant intended to enforce any arbitration provision that might exist.

10.      On April 27, 2020, Defendant's counsel responded that they had not located an

arbitration agreement with Plaintiff Enzinna, but that they had "interpreted your email, however, as a request by Mr. Enzinna for a refund and are glad to inform you that the March 2020 dues paid by Mr. Enzinna have been fully refunded…." In other words, Defendant responded by attempting to pick-off Plaintiff Enzinna, which Plaintiff Enzinna immediately rejected because Defendant's offer fails to account for and provide the class-wide relief sought herein.

11.     As of the filing of this lawsuit, Defendant has yet to reimburse its members the millions of dollars in unearned membership fees it collected in March 2020.

12.     Accordingly, Plaintiffs have been left with no choice but to file this lawsuit to seek damages on behalf of themselves and the Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Florida. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiffs occurred in part within this District and, on information and belief, Defendant committed the same wrongful acts to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

14.     The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of residence of the named parties. Additionally, this court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). Plaintiffs seek damages, which, when aggregated among a proposed class numbering in the millions, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act. Specifically, Plaintiffs estimate – based on publicly available information – that there are at least 4,000,000 individuals who are members of Defendant's

fitness facilities.  Additionally, Plaintiffs estimate – based on publicly available information – that Defendant's monthly revenue is approximately $166,000,000.  Defendant's revenue is primarily derived from the collection of membership fees.  Plaintiffs further allege that Defendant is withholding between 15 to 30 days of unearned membership fees from Plaintiffs and the Class Members.  Thus, even discounting for other types of revenue (e.g. retail sales), and facilities not located within the U.S., the amount in dispute easily exceeds the $5,000,000 threshold.

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

16.     Plaintiff Barnett is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Broward County, Florida.

17.     Plaintiff Enzinna is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Broward County, Florida.

18.     Defendant is a California limited liability company whose principal office is located at 3161 Michelson Dr. Ste. 600, Irvine, CA 92612.

## FACTS

19.     Plaintiff Barnett has been a member of Defendant's fitness facilities for over 14 years and has a month-to-month agreement with Defendant.

20.     Plaintiff Enzinna has been a member of Defendant's fitness facilities for over 15 years and has a month-to-month agreement with Defendant.

21.     Plaintiff Enzinna is not in possession of the Membership Agreement he entered into with Defendant.  A copy of Plaintiff Barnett's Membership Agreement is attached as **Exhibit A**.

Upon information and belief, Plaintiffs' Membership Agreements are substantially similar.

22.     Plaintiffs' Membership Agreements do <u>not</u> contain an arbitration provision.

23.     Pursuant to the terms of Plaintiffs' Membership Agreements, Defendant agreed to provide fitness facilities and services in exchange for a monthly membership fee.

24.     Defendant collects dues from its members on the 1st or 15th of each month.

25.     On or about March 15, 2020, Defendant debited from Plaintiff Barnett's bank account the amount of $32.09 for the billing period of March 15, 2020 through April 15, 2020.

26.     On or about March 15, 2020, Defendant debited from Plaintiff Enzinna bank account the amount of $37.44 for the billing period of March 15, 2020 through April 15, 2020.

27.     On March 16, 2020, Defendant voluntarily closed all of its fitness facilities in U.S., including the locations where Plaintiffs regularly exercise.  In other words, Defendant's facilities did not become unavailable.  Rather, Defendant made the unilateral decision to close its facilities.

28.     Prior to collecting membership dues from Plaintiffs, Defendant knew or should have known that it would be voluntarily closing all of its facilities.

29.     On or about March 20, 2020, Plaintiffs received an e-mail from Defendant stating that Defendant had decided to voluntarily close its clubs effective March 16, 2020.

30.     However, rather than reimburse Plaintiffs the unearned membership fees it had collected, Defendant kept the fees and notified Plaintiffs in the e-mail that all billing would be suspended, but not until April 1, 2020.

31.     On March 23, 2020, Plaintiff Barnett, through counsel, sent a correspondence to Defendant demanding "(1) that Fitness International refund to him prorated fees from the date of the voluntary closure through March 31, 2020; (2) that Fitness International reimburse all membership accounts prorated fees from the date of the voluntary closure through March 31, 2020;

and (3) that Fitness International modify its policies and procedures so that members are not charged fees when Fitness International voluntarily closes its facilities."

32.     On March 27, 2020, Defendant responded to Plaintiff Barnett's demand by e-mailing Plaintiffs' counsel and stating that it was "reviewing" the issue.

33.     Then, on March 30, 2020 at approximately 1:28 a.m., Defendant sent an e-mail to all members with a purported apology and offer to compensate members for the early closure of its clubs. The offer contained in the e-mail is as follows:

> OPTION 1: A free additional one-month extension to the end of your membership; or
>
> OPTION 2: A three-month membership (valued at over $175) for you to give to a friend or family member, which will give them access to all of our clubs.

34.     To redeem the offer, Plaintiffs and other members are required to click on a hyperlink re-directing them to Defendant's website.  That website contains terms and conditions, including a "Limitation of Liability" pursuant to which Defendant self-servingly absolves itself of all liability for any damages resulting from the interruption of its services.  For example, the unearned membership fees at issue in this case.

35.     Plaintiffs did not click on the link and are not bound by Defendant's "Limitation of Liability" clause.

36.      As of the filing of this Complaint, Plaintiffs and the Class Members have not been reimbursed the unearned membership fees at issue.

37.     Plaintiffs and the Class Members have been harmed by Defendant in the amount of unearned membership fees totaling millions of dollars.

38.     Many of Defendant's members have taken to the Internet to voice their complaints about

Defendant's dishonest conduct.  The following is a small sampling of those on-line complaints:

- On March 16, 2020, LA Fitness sent out an email stating that all gyms nationwide would be closing until (at least) April 1st to try and staunch the spread of COVID-19. However, I was still charged for the entire month of March's tuition even though I haven't and won't be able to use the gym for over half the month. I called the LA Fitness corporate number and was told that in lieu of a refund for half of March's tuition, I would be rewarded with an extended "end by" date. Meaning that whenever the gym opens, if i chose to end my membership, my last day to use the facilities will be the same amount of time the gym was closed. Of course, I pointed out that that didn't cover the people who chose to stay with LA Fitness, and there was no answer for that.[2]

- La fitness closed due to coronavirus yesterday. I can't use the facility. It is closed. Therefore it is ridiculous that I've been assessed a membership fee today for the next 30 days. What am I paying for? I should not have been charged![3]

- Due to the COVID-19 We wanted to put our account on hold which we did however they still charged our account the full amount when we asked for that refund they said there is nothing they can do. I asked to speak to a manger which they refused to transfer me letting them know due to the virus we do not feel comfortable to go to the gym but they still refused to help and stated the virus has nothing to do with our membership[4]

- I'm a pay by month member, and I just see a charge this morning. Should the monthly charges be stopped? Please let us know what to do![5]

- Memberships being extended means nothing to pay by month members. Like….said, it should be prorated or not charged at all![6]

---

[2] https://www.bbb.org/us/ca/irvine/profile/health-club/la-fitness-1126-41156/complaints (last accessed Apr. 28, 2020)

[3] *Id.*

[4] *Id.*

[5] https://www.facebook.com/LAFitness/ (last accessed Apr. 28, 2020).

[6] *Id.*

- It should be prorated…or not charge at all[7]

- You guys better refund my membership for march or I will be contacting the better business bureau point blank.[8]

- Are you paying staff with my automatic debit? I hope so cuz if not you shouldn't be charging me.[9]

- Yet still taking out dues for people when the gym isnt even open to use[10]

- So, you close the facility but you are still charging us to use the closed facility! What gives! You should NOT be CHARGING us until you re-open! I want my money back!

## CLASS ALLEGATIONS

### PROPOSED CLASS

39.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

40.     Plaintiffs bring this case on behalf of following Class:

> **All persons in the United States who (1) paid membership fees to Defendant during the month of March 2020; (2) have not received reimbursement for the membership fees paid during the month of March 2020; and (3) do not have an arbitration provision in their Membership Agreement with Defendant.**

41.     Defendant and its employees or agents are excluded from the Class.

42.     Plaintiffs do not know the exact number of members in the Class but believes the Class members number in the millions.

---

[7] *Id.*

[8] *Id.*

[9] *Id.*
[10] *Id.*

<u>NUMEROSITY</u>

43.     Upon information and belief, Defendant has harmed millions of consumers by keeping unearned membership fees.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

44.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

<u>COMMON QUESTIONS OF LAW AND FACT</u>

45.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are: (1) whether Defendant unjustly enriched itself by failing to reimburse Plaintiffs and the Class Members unearned membership fees; (2) whether Defendant negligently enriched itself by failing to reimburse Plaintiffs and the Class Members unearned membership fees; (3) whether Plaintiffs and the Class Members have suffered monetary damages; and (4) whether Plaintiffs and the Class Members are entitled to injunctive relief.

46.     The common questions in this case are capable of having common answers. If Plaintiffs' claims are accurate, Plaintiffs and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

<u>TYPICALITY</u>

47.     Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>

48.     Plaintiffs are representatives who will fully and adequately assert and protect the

interests of the Class and has retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

<u>**SUPERIORITY**</u>

49.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class Members are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

50.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
<u>**BREACH OF CONTRACT**</u>
**(On Behalf of Plaintiffs and the Class)**

51.     Plaintiffs re-allege and incorporate the foregoing allegations as if fully set forth herein.

52.     Pursuant to their Membership Agreements with Defendant, Plaintiffs and the Class Members agreed to pay membership fees to Defendant in exchange for access to Defendant's fitness facilities.

53.     Plaintiffs and the Class Members complied with their contractual obligations as set forth

in the Membership Agreements by paying their membership fees.

54.     Defendant breached its contractual obligations as set forth in the Membership Agreements by charging Plaintiffs and the Class Members fees during a period in which Defendants did not provide access to its fitness facilities.

55.     During the relevant time period, Defendant's fitness facilities did not become unavailable.  Rather, Defendant decided to voluntarily close its facilities without advance notice to Plaintiffs and the Class Members.

56.     Defendant automatically processed electronic payments for membership fees when it knew or should have known that it would be unable to provide access to its fitness facilities because it made the voluntary decision to close its facilities.

57.     As a result of Defendant's breach of the Membership Agreements, Plaintiffs and the Class Members have been damaged in the amount of fees collected by Defendant during the month of March 2020.

58.     Plaintiffs and the Class Members demand the applicable relief set forth in the Prayer for Relief below.

## COUNT II
## UNJUST ENRICHMENT
**(In the Alternative, On Behalf of Plaintiffs and the Class)**

59.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1-50 as if fully set forth herein.

60.     Plaintiffs bring this count in the alternative to any remedies at law to which Plaintiffs and the Class Members may be entitled.

61.     Plaintiffs and the Class Members conferred a benefit upon Defendant in the form of membership fees paid to Defendant during the month of March 2020.

62.     Defendant had knowledge of the benefits conferred upon it by Plaintiffs and the Class Members.

63.     Defendant voluntarily accepted and retained the benefits conferred upon it by Plaintiffs and the Class Members when it knew or should have known that it would be indefinitely closing its facilities effective March 16, 2020.

64.     Under the circumstances, it would be inequitable for Defendant to retain the benefit conferred upon it by Plaintiffs and the Class Members, particularly because Defendant knew or should have known that it would be unable to provide facilities to Plaintiffs and the Class Members when it collected the subject fees.

65.     Defendant has been unjustly enriched and is required to refund Plaintiffs and the Class Members the benefits they conferred upon Defendant.

66.     This Court should require Defendant to refund all membership fees it collected during the month of March 2020 to prevent the wrongful retention of money in violation of good conscience and fundamental principles of justice or equity.

67.     Plaintiffs and the Class Members demand the applicable relief set forth in the Prayer for Relief below.

**COUNT III**
**<u>NEGLIGENCE</u>**
**(On Behalf of Plaintiffs and the Class)**

68.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1-50 as if fully set forth herein.

69.     Defendant had a duty to Plaintiffs and the Class Members to provide fitness facilities and services in exchange for the membership dues it collected from Plaintiffs and the Class Members during the month of March 2020.

70.     Defendant breached its duty to Plaintiffs and the Class Members by failing to provide fitness facilities and services, and by failing to reimburse Plaintiff and the Class Members the membership fees that they paid.

71.     Defendant knew or should have known that its wrongful acts would cause damage to Plaintiffs and the Class Members.

72.     Defendant's conduct has directly and proximately caused damages to Plaintiffs and Class Members in the amount of unearned membership fees paid by Plaintiffs and the Class Members.

73.     Plaintiffs and the Class Members demand the applicable relief set forth in the Prayer for Relief below.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION**
**(On Behalf of Plaintiffs and the Class)**

74.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1-50 as if fully set forth herein.

75.     Defendant had a duty to Plaintiffs and Class Members to fully disclose the availability of its fitness facilities, including its decision to voluntarily close its facilities.

76.     Defendant breached its duty and was negligent to Plaintiffs and Class Members by failing to advise Plaintiffs and Class Members that it would be voluntarily closing its facilities before closing them, and before collecting fees from Plaintiffs and the Class Members.

77.     Defendant knew or should have known that its wrongful acts and omissions would cause damages to Plaintiffs and the Class Members.

78.     Defendant's conduct has directly and proximately caused damage to Plaintiffs and the Class Members.

79.     Plaintiffs and the Class Members demand the applicable relief set forth in the Prayer for

Relief below.

### COUNT V
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
#### (On Behalf of Plaintiffs and the Class)

80.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1-50 as if fully set forth herein.

81.     Plaintiffs' and the Class Members' Membership Agreements contain, as a matter of law, an implied convent of good faith and fair dealing to deal honestly.

82.     Plaintiffs and the Class Members paid fees to Defendant in exchange for access to Defendant's facilities.

83.     Defendant collected fees from Plaintiffs and the Class Members when it knew or should have known that it did not intend to provide Plaintiffs and the Class Members with access to its facilities.

84.     Defendant collected fees as a means to unjustly increase its revenue, and it did so primarily through automatic debits over which Plaintiffs and the Class Members had no control.

85.     Defendant failed to provide Plaintiffs and the Class Members with access to its fitness facilities after it collected membership fees during the month of March 2020.

86.     Defendant should not have collected fees from Plaintiffs and the Class Members when it knew or should have known that it intended to voluntarily close all of its facilities.

87.     Defendant failed or refused to discharge its responsibilities under the Membership Agreements by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of Plaintiffs and the Class Members.

88.     Plaintiffs and Class Members demand the applicable relief set forth in the Prayer for Relief below.

14

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Kip Barnett and Samuel Enzinna, on behalf of themselves and the Class Members, pray for the following relief:

a.     A declaration that this lawsuit may properly be maintained as a class action and certifying the Class claims herein;

b.     Award Plaintiffs and the Class Members actual damages, including the total amount of membership fees collected by Defendant during the month of March 2020, as well as interest for the time period during which Defendant refuses to refund the fees.

c.     Award Plaintiffs and the Class Members injunctive relief in the form of a guarantee by Defendant not to charge membership fees during periods when its facilities are voluntarily closed, as well as adopting policies and procedures to ensure that members are reimbursed fees collected for any period during which Defendant's facilities are voluntarily closed.

d.     Award other declaratory and injunctive relief as permitted by law;

e.     Award Plaintiff and the Class Members damages flowing from the requested injunction;

f.     Appoint the undersigned as Class Counsel;

g.     Appoint Plaintiffs as Representatives of the Class;

h.     Award reasonable attorneys' fees, filing fees, expert fees, and costs of suit to counsel based upon the benefit received by Plaintiff and the Class Members; and

i.     Award Plaintiffs and the Class Members any further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff and the Class Members hereby demand a trial by jury.

Date:  April 29, 2020

Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*