IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KIP BARNETT and SAMUEL ENZINNA,    Case No. 20-CV-60658-WPD

      Plaintiffs,

v.

FITNESS INTERNATIONAL, LLC,

      Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Fitness International, LLC ("Fitness") moves to dismiss the First Amended Class Action Complaint ("FAC") [ECF No. 12], filed by Plaintiffs Kip Barnett and Samuel Enzinna, in its entirety with prejudice under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.[1]

**INTRODUCTION**

Plaintiffs are members of Fitness's health clubs in South Florida. On March 16, 2020, Fitness announced that it was temporarily closing its facilities to help reduce the spread of the COVID-19 virus and was suspending all billing starting April 1, 2020. The Membership Agreements Plaintiffs and all other health club members signed expressly provide that, in such circumstances, Plaintiffs are entitled, upon request, to have their contract terms extended for a period equal to the time their clubs are closed.

---

[1] This motion is directed to Plaintiff Barnett solely in the alternative to Fitness's pending Motion to Compel Arbitration [ECF No. 9], which seeks to enforce Barnett's signed, written agreement to arbitrate "any dispute" with Fitness on an individual basis. If the Court grants Fitness's fully briefed Motion to Compel Arbitration, this motion is moot as to Barnett. Fitness reserves all rights to file, at the appropriate time, a motion to compel unnamed putative class members to arbitrate their claims as provided in their written arbitration agreements.

Despite the Membership Agreement's plain term addressing this issue, Barnett demanded that Fitness refund his March monthly membership fee. After reviewing Barnett's account, which shows he owes Fitness more than $530 for unpaid personal training fees, Fitness declined Barnett's refund request. Instead, Fitness offered to extend Barnett's membership term for a month, longer than his club had been unavailable, as well as other benefits; offering more than Barnett is entitled to under the terms of his Membership Agreement.

Barnett filed this lawsuit the next day. After Fitness moved to compel Barnett to comply with the mandatory arbitration clause he signed, his counsel informed Fitness that Enzinna would be joining Barnett's lawsuit. Because Barnett's lawsuit is premised on Fitness's alleged refusal to accede to Barnett's refund demand, Fitness interpreted Enzinna's communication as a request for a refund. After reviewing Enzinna's account, which shows he is in good standing, Fitness refunded Enzinna's dues, as Fitness has done for many other members in good standing who have made such a request instead of choosing the other benefits offered to them.

Barnett filed an amended complaint adding Enzinna as a plaintiff shortly thereafter, even though Fitness had fully and unconditionally refunded the membership fees Enzinna now alleges Fitness "refuses to refund." FAC at 15. Enzinna also attempts to manufacture standing by mischaracterizing this refund—which Fitness applied directly to his debit card account, without any conditions—as a settlement "offer" which Enzinna purportedly "rejected." FAC at ¶ 10.

As set forth more fully below, the Court should dismiss Enzinna's claims under Rule 12(b)(1) for lack of standing because his alleged injury has been fully redressed by Fitness's unconditional refund of his monthly payment before he joined this lawsuit. The Court should also dismiss both Enzinna and Barnett's claims in their entirety because the Amended Complaint fails to state a plausible claim for relief. Count I, for "Breach of Contract," fails to identify any

specific term in the Membership Agreements that Fitness actually breached. Indeed, these agreements provide that Fitness has no obligation to provide the challenged refunds. Moreover, the Amended Complaint's own allegations show Fitness complied with its contractual obligation by offering Plaintiffs a one-month extension of the term of their memberships. Count II, for unjust enrichment, fails as a matter of law because this claim only exists in the absence of an express contract, and Plaintiffs do not dispute the existence or the authenticity of the Membership Agreements. Plaintiffs' negligence claim (Count III) cannot survive because, as a matter of law, Fitness owes no duty of care to Plaintiffs independent of the parties' contract. Plaintiffs' negligent misrepresentation claim (Count IV) should be dismissed because the Amended Complaint fails to plead *any* misrepresentations by Fitness upon which Plaintiffs relied, much less with the particularity required by Rule 9(b)'s heightened pleading standard. Finally, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing (Count V) should be dismissed because Plaintiffs fail to identify an express contractual term in the Membership Agreements that Fitness allegedly breached. Plaintiffs' implied covenant of good faith and fair dealing claim also fails because Fitness merely exercised its contractual right to extend their membership term, and the implied covenant cannot be used to override or modify an explicit contractual term.

## BACKGROUND[2]

**A.     Plaintiffs Sign Fitness's Membership Agreement**

Barnett joined Fitness when he signed his membership agreement on December 30, 2005. *See* FAC ¶ 19 & Ex. A. Enzinna joined Fitness when he signed his membership agreement on

---

[2] This Background is based on the allegations in Plaintiffs' Amended Complaint, which are taken as true solely for purposes of this Motion, and the documents incorporated by reference therein.

January 28, 2006. *See id*. ¶ 20; *see also* Enzinna membership agreement, attached as **Exhibit 1**.[3] Barnett and Enzinna's membership agreements are identical in all respects relevant to this Motion. *See* FAC ¶ 21; FAC Ex. A; Ex. 1 (together, the "Membership Agreements").

Plaintiffs' Membership Agreements provide Fitness, "in its sole and absolute discretion, reserves the right to close any Club facility and/or change existing facility rules, regulations, conditions, guidelines, club facilities, classes, programs and hours of operation." Membership Agreements at 2. The agreements further provide "[n]o refunds shall be made for Membership dues paid, except as specifically provided in this Agreement" and "[i]f the [] Fitness Club facilities are unavailable to Member for a continuous period in excess of 72 hours, the [] Fitness Club Membership time (upon request) shall be extended for a period equal to the time of such unavailability." *Id*. Finally, the agreements provide "Fitness makes no warranties or representations, express or implied, other than those set forth herein, and your sole and exclusive remedy in the event of any breach of this Agreement shall be cancellation of this Agreement." *Id*.

B. **Fitness Closes its Clubs Due to the COVID-19 Pandemic, and Plaintiffs File Suit**

On March 16, 2020, Fitness closed all of its clubs nationwide due to the COVID-19 pandemic. *See* FAC ¶ 3. Fitness informed its customers that due to the closures, it would suspend all billing effective April 1, 2020. *See id*. ¶ 30. Fitness also emailed its members an offer to compensate them for the closure of its clubs by providing either a free one-month extension to the end of their memberships or a three-month membership (valued at $175) to give

---

[3] The Court may consider Enzinna's membership agreement on a motion to dismiss because he incorporates it by reference into the Amended Complaint. *See* FAC ¶ 21; *Arrington v. Burger King Worldwide, Inc.*, No. 18-CIV-24128, 2020 U.S. Dist. LEXIS 51852, at *9 (S.D. Fla. Mar. 24, 2020) (considering "agreement attached to Defendants' Motion to Dismiss" because it became "incorporated by reference into a complaint where (1) it is central to the plaintiff's claim, (2) its contents were alleged in the complaint, and (3) no party questions those contents").

to a friend or family member. *See id.* ¶ 33. Plaintiffs did not accept the offer. *See id.* ¶ 35.

In pre-suit communications with Barnett through its counsel, Fitness reminded Barnett that he agreed to individually arbitrate his claims. *See* ECF Nos. 9, 17. Fitness also explained that Barnett's account was not in good standing because he owes at least $530 for unpaid invoices, which exceeds the amount of the pro-rated refund he seeks in this litigation, and that it would seek repayment of the hundreds of dollars he owes in fees. *Id.*

On April 22, 2020, Enzinna notified Fitness that he intended to join this lawsuit seeking recovery of his March membership dues. *See* FAC ¶ 9. After a review of Enzinna's account showed he was in good standing, Fitness refunded Enzinna's March dues on April 27, 2020, directly to his debit card account. *See id.* ¶ 10. Fitness notified Enzinna through his counsel of the refund without any conditions and explained that Fitness has refunded "the dues of many other members in good standing who have made such a request instead of choosing the other benefits offered to them." *See* April 27, 2020 Email, attached as Exhibit 2.[4]

## PROCEDURAL HISTORY

Barnett filed this putative class action lawsuit against Fitness on March 30, 2020. *See* Compl. [ECF No. 1]. On April 21, 2020, Fitness moved to compel arbitration of Barnett's claims based on his signed, written agreement to submit the parties' dispute to an arbitrator, not a court. *See* ECF No. 9. In response, Barnett filed an Amended Complaint adding Enzinna as a plaintiff. *See* ECF No. 12. The motion to compel arbitration of Barnett's claims is now fully briefed. *See* ECF Nos. 13, 17. This motion to dismiss is directed to Barnett solely in the alternative to Fitness's motion to compel arbitration. If the Court grants the motion to compel

---

[4] The Court may consider this document because Plaintiffs quote its content (*see* FAC ¶ 10) and therefore incorporate it into the First Amended Complaint. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (noting "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document").

arbitration, this motion to dismiss is moot as to Barnett.

## ARGUMENT

I. **ENZINNA'S CLAIMS SHOULD BE DIMSISED BECAUSE HE LACKS STANDING TO SUE**

    A. **Legal Standard**

The Amended Complaint should be dismissed with prejudice as to Enzinna under Federal Rule of Civil Procedure 12(b)(1) because he lacks standing to sue. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stream, Inc. v. Grateful J'S, Inc.*, No. 17-60458-CIV, 2017 U.S. Dist. LEXIS 217621, at *4 (S.D. Fla. Oct. 13, 2017) (internal quotation marks and citation omitted). A motion to dismiss for lack of standing "may be in the form of a 'facial attack' on the complaint, which requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. (alterations omitted). A defendant may also challenge standing in "the form of a 'factual attack,' which challenges 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings.'" *Id*. Factual challenges may rely on extrinsic evidence, and courts considering them are "not constrained to view [the facts] in the light most favorable to [the plaintiff]." *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

    B. **Enzinna Lacks Standing Because His Alleged Injury Has Been Fully Redressed By Fitness's Unconditional, Direct Refund of His Membership Fees**

"Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction." *JW v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 14 (11th Cir. 2018). To establish standing, "a plaintiff must show that he suffered an injury, that there is a sufficient causal

connection between the injury and the conduct complained of, and that there is a likelihood that the injury will be redressed by a favorable legal decision." *Id*.

Here, the only injury Enzinna alleges he personally suffered is the payment of his March 2020 membership dues of $37.44. *See* FAC ¶ 26; *id.* at 15 (alleging damages "for the time period during which Defendant refuses to refund the fees"). But Enzinna acknowledges "the March 2020 dues paid by Mr. Enzinna have been fully refunded" before he joined this lawsuit. *Id*. ¶ 10. In unconditionally refunding this amount directly to Enzinna's debit card account, Fitness satisfied his claims under the legal theories pled. Accordingly, Enzinna did not have a concrete injury before he joined the lawsuit and lacks standing to sue. *See Hardy v. Bed Bath & Beyond, Inc.*, No. 17-civ-22315, 2018 U.S. Dist. LEXIS 38948, at *5 (S.D. Fla. Mar. 9, 2018) (dismissing class complaint, explaining "[b]ecause the only injury [plaintiff] actually alleges was mooted by [defendant's] pre-litigation offer of a full refund, [plaintiff] has not sufficiently alleged that she either 'suffered a loss' or was 'aggrieved'"); *Luman v. Theismann*, 647 F. App'x 804, 806-07 (9th Cir. 2016) (affirming dismissal where putative class representative had received full refund to his credit card account prior to filing lawsuit because he "no longer met the injury-in-fact requirement at the time he filed his complaint" and "never had standing to pursue monetary relief in the first place"); *see also Hamilton v. Gen. Mills, Inc.*, No. 6:16-cv-382, 2016 U.S. Dist. LEXIS 97812, at *13-14 (D. Or. July 27, 2016) (holding "because [plaintiff's] loss of $15.98 is mooted by General Mills' refund program, he does not have standing to sue because he has not cognizably alleged any other concrete and particularized injury").

Enzinna attempts to mischaracterize the refund as an unaccepted settlement "offer" that does not extinguish his claims. *See* FAC ¶ 10 (alleging Enzinna rejected "Defendant's offer"). However, Enzinna does not allege any facts suggesting Fitness's refund was conditional or

required any further action by Enzinna for the refund to become effective. Indeed, Fitness applied the refund here directly to Enzinna's debit card account, without any conditions, and, thus, the unconditional full refund did not represent a settlement offer. *See Demmler v. ACH Food Cos.*, No. 15-13556-LTS, 2016 U.S. Dist. LEXIS 123540, at *12-13 (D. Mass. June 9, 2016) (finding defendant's unconditionally tendered check did not represent a settlement offer, and, thus, served to extinguish class plaintiff's claims).

Courts have rejected such attempts by class plaintiffs to manufacture standing. *See Epstein v. JPMorgan Chase & Co.*, No. 13-civ-4744, 2014 U.S. Dist. LEXIS 38628, at *23 (S.D.N.Y. Mar. 21, 2014) ("The Court cannot accept Plaintiff's contention that by neither requesting nor cashing the Refund Check, he has somehow created standing. To do so would not only render hollow the injury-in-fact requirement, but would also engender a disincentive among potential litigants to attempt legitimately to resolve disputes without judicial intervention."); *Demmler*, 2016 U.S. Dist. LEXIS 123540, at *12-13 ("[Plaintiff's] refusal to accept the $75 is immaterial. The question under Article III is whether a live case or controversy exists, and the mere fact that [plaintiff] did not accept unconditionally-provided remediation does not extend the life of the dispute.").

Nor can Enzinna establish standing by alleging the refund "fails to account for and provide the class-wide relief" he seeks. FAC ¶ 10. *See Demmler*, 2016 U.S. Dist. LEXIS 123540, at *12-13 (rejecting plaintiff's argument that "characterizes the tender as an offer of settlement which he did not accept, and contends that the tender failed to provide relief for the class"). "[I]it is well-settled that prior to the certification of a class . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). This means "a claim

cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Id.* at 1280 (quoting *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987)).  Thus, in a class action, "[i]ndividual standing requirements must be met by anyone attempting to represent [his] own interest or those of a class."  *JW*, 904 F.3d at 1265; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'") (citation omitted).

Because Enzinna lacks individual standing to assert the claims alleged in the FAC, he cannot seek to represent a class of persons whose refund requests Fitness denied, and this Court should dismiss his complaint.  *See Quilty v. Envision Healthcare Corp.*, No. 8:18-cv-341-T-33CPT, 2018 U.S. Dist. LEXIS 90427, at *10 (M.D. Fla. May 31, 2018) (dismissing class complaint where plaintiff "does not have individual standing to bring a claim . . . which precludes him from representing class members"); *Hardy*, 2018 U.S. Dist. LEXIS 38948, at *5 (dismissing class action complaint for lack of standing where defendant "made a pre-litigation refund offer for complete relief for the only damages [plaintiff] alleges").

Enzinna's contention that he can bypass the Article III standing requirement by bringing a class action lacks merit.  "Courts have made clear that the standing requirement cannot be dispensed with by styling a complaint as a class action." *Epstein*, 2014 U.S. Dist. LEXIS 38628, at *28 (citing cases).  Rather, "the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Id.*

Fitness's direct, unconditional refund of Enzinna's monthly payment, as Fitness has done for many other members in good standing who have made such a request instead of choosing the

other benefits offered to them (*see* FAC ¶ 10), distinguishes this case from those involving pre-suit *settlement offers*. *See, e.g.*, *Edelsberg v. Brea Fin. Grp., Ltd. Liab. Co.*, No. 18-CV-62119, 2019 U.S. Dist. LEXIS 29941, at *6-7 (S.D. Fla. Feb. 26, 2019) (denying motion to dismiss where, unlike here, defendant "has not deposited an amount corresponding to Plaintiff's alleged injury in an account payable to Plaintiff"). This case also differs significantly from *Edelsberg*, which involved an isolated refund to the named plaintiff only, and was not part of a broader series of refunds to customers. In short, nothing in the Amended Complaint warrants disturbing the ordinary principle that a refund of individual claims moots potential class action claims.

## II.  PLAINTIFFS FAIL TO PLEAD A PLAUSIBLE CLAIM FOR RELIEF

### A.  Legal Standard

The Amended Complaint should be dismissed as to both Plaintiffs under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a plausible claim upon which relief may be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires a plaintiff to show at the pleading stage that success on the merits is more than a mere possibility. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the Amended Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Katz v. JP Morgan Chase, N.A.*, No. 9:14-cv-80820, 2014 U.S. Dist. LEXIS 175013, at *3-4 (S.D. Fla. Oct. 7, 2014) (quoting *Glover v. Liggett Grp., Inc.*, 459 F. 3d 1304, 1308 (11th Cir. 2006)).

Here, Plaintiffs' claims all rest on the theory that Fitness was required to refund their

March 2020 monthly membership payment after it closed its clubs due to the COVID-19 virus. But Plaintiffs agreed in their Membership Agreements that the relief to which they are entitled in precisely such a circumstance is an extension of the term of their memberships, not a refund of their membership fees. Accordingly, the Amended Complaint must be dismissed in its entirety for failure to state a claim.

### A. Plaintiffs' Breach of Contract Claim (Count I) Fails as a Matter of Law Because Fitness Has No Contractual Obligation to Provide Refunds

The essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) a material breach thereof; and (3) damages. *Salem v. City of Port St. Lucie*, 788 F. App'x 692, 697 (11th Cir. 2019). An action for breach of contract can be founded only upon a defendant's failure to perform its obligations in accordance with the terms of the contract. *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 598 F. Supp. 2d 1248, 1269 (M.D. Fla. 2009) (rejecting breach of contract claim based on failure to communicate pre-lawsuit where "nowhere does the contract create an affirmative duty" to do so).

Here, Plaintiffs do not identify *any* specific provision of the Membership Agreements that Fitness actually failed to perform. Indeed, the Membership Agreements explicitly provide that "[n]o refunds shall be made for Membership dues paid" and the "sole and exclusive remedy in the event of any breach of this Agreement shall be cancellation of this Agreement." *Id.* at 2. Accordingly, Plaintiffs cannot establish that Fitness "breached" the Membership Agreements and have not stated a claim for "breach of express contract" as a matter of law. *See Wohl Built, Inc. v. Maxum Indem. Co.*, No. 17-cv-80867, 2017 U.S. Dist. LEXIS 224710, at *6 (S.D. Fla. Dec. 19, 2017) ("Without pointing to a specific provision that Defendant allegedly breached . . . Plaintiff's Complaint is more akin to a '[t]hreadbare recital[] of the elements' of breach of contract than a plausibly-pled claim"); *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1435-36

(S.D. Fla. 1996) (dismissing claim for breach of franchise agreement where plaintiff could not identify any express contractual provision in agreement that "create[d] any contractual rights for [plaintiff] or obligations by [defendant] on which a breach of contract claim might be based").

Moreover, the Amended Complaint's allegations actually contradict Plaintiffs' assertion that Fitness did not comply with its contractual obligations.  The Membership Agreements specifically disclose that Fitness clubs might become "unavailable to Member for a continuous period in excess of 72 hours" and provide that, in such circumstances, "the [] Fitness Club Membership time (upon request) shall be extended for a period equal to the time of such unavailability."  *Id.* at 2.  The Amended Complaint itself alleges Fitness offered Plaintiffs a one-month extension of their Fitness Club Memberships.  *See* FAC ¶ 7.  Plaintiffs thus "concede[] defendant has been performing under the contract," and the Amended Complaint fails to state a claim.  *City-Wide Sanitation Co. v. Pembroke Pines*, 214 So. 2d 485, 486 (Fla. 4th DCA 1968) (reversing and remanding for dismissal where "[o]ther than one conclusory allegation that defendant has breached the contract no facts are alleged that would indicate defendant had failed to fulfill any contract obligation").

B. **Plaintiffs' Unjust Enrichment Claim (Count II) Fails Because They Allege An Express Contract Governs the Parties' Claims**

Plaintiffs' claim for unjust enrichment fails because their express contracts preclude recovery for unjust enrichment.  An unjust enrichment claim is "only proper in the absence of a written agreement."  *Columna, Inc. v. Cigna Health & Life Ins. Co.*, No. 19-80170-CIV, 2019 U.S. Dist. LEXIS 177708, at *13 (S.D. Fla. Oct. 10, 2019).  "Therefore, an 'unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter.'"  *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202, 1220 (S.D. Fla. 2015) (quoting *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA

2008); *see also Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) ("No cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract.").

Here, Plaintiffs allege Fitness was unjustly enriched by failing to refund the membership fees it collected during the month of March 2020. *See* FAC ¶ 65. But the Amended Complaint itself alleges an express contract, namely the Membership Agreement, governs the parties' relationship. *See id.* ¶¶ 52-58. Thus, "Plaintiffs' allegations cannot support their unjust enrichment claim as a matter of law" and should be dismissed. *Zarrella*, 755 F. Supp. 2d at 1227; *see also Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1322 (S.D. Fla. 2014) (dismissing claim for unjust enrichment "because express contracts, the authenticity of which Plaintiffs cannot contest, do in fact govern the subject of Plaintiffs' dispute").

Moreover, any suggestion that Plaintiffs are entitled to plead their unjust enrichment claim in the alternative to their contract claim fails. An "unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute." *Zarrella*, 755 F. Supp. 2d at 1227. Here, there is no dispute regarding the existence or authenticity of the Membership Agreements, and Plaintiffs cannot plead in the alternative. *See id.*; *see also Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 U.S. Dist. LEXIS 181212, at *13 (S.D. Fla. Dec. 16, 2014) (dismissing unjust enrichment claim because a contract governed and noting "[w]hile Plaintiff contends that she is permitted to plead unjust enrichment in the alternative to a breach of contract claim, Plaintiff is only allowed to do so if one of the parties has asserted that the contract governing the dispute is invalid").

### C. Plaintiffs' Negligence Claim (Count III) Fails as a Matter of Law Because Plaintiffs Do Not Allege Fitness Owed Them a Legally Cognizable Duty

"To plead a negligence claim under Florida law, a plaintiff must allege: (1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff['s] suffering actual harm from the injury." *Zarrella*, 755 F. Supp. 2d at 1227-28 (citation omitted). Here, Plaintiffs fail to identify any legal duty Fitness owed them under Florida law.

Plaintiffs' negligence claim alleges Fitness "had a duty to Plaintiffs and the Class Members to provide fitness facilities and services in exchange for the membership dues it collected from Plaintiffs and the Class Members during the month of March 2020." FAC ¶ 69. But the Amended Complaint does not plead any allegations that would give rise to any such duty or obligation by Fitness to Plaintiffs independent of the parties' contract. *See Marine Sols., L.L.C. v. Gulf Coast Aggregates, L.L.C.*, No. 4:16-cv-482, 2017 U.S. Dist. LEXIS 2298, at *8 (N.D. Fla. Jan. 6, 2017) ("A party to a contract owes a contractual duty to the other party to the contract—but not a separate duty of reasonable care."). Because Fitness's purported "duty" is based entirely on the parties' contractual obligations, Plaintiffs' negligence claim must be dismissed. *See id.* (dismissing negligence claim because "[n]egligent breach of contract is not a cause of action"); *Zarrella*, 755 F. Supp. 2d at 1227-28 (dismissing negligence claim because plaintiffs "failed to allege that [defendant] breached a legal duty").

Because Plaintiffs do not allege Fitness owed them a duty independent of their contract, their negligence claim also fails because it is duplicative of their contract claim. *See Everest Indem. Ins. Co. v. Cintas Corp. No.2*, No. 19-60405-CIV, 2019 U.S. Dist. LEXIS 90955, at *7 (S.D. Fla. May 28, 2019) (finding negligence claim was "in essence a breach of contract claim"

where defendant "had no independent relationship with the Plaintiff with respect to the duties the Defendant allegedly breached"); *Mortg. Contracting Servs., LLC v. J & S Prop. Servs. LLC*, No. 8:17-cv-1566-T-36CPT, 2018 U.S. Dist. LEXIS 109967, at *7-8 (M.D. Fla. July 2, 2018) (dismissing negligence claim that "fails to provide any meaningful distinction between its negligence claim in Count I and its breach of contract claim in Count IV"); *Monsoon, Inc. v. BizJet Int'l Sales & Support, Inc.*, No. 16-civ-80722, 2017 U.S. Dist. LEXIS 26987, at *22-23 (S.D. Fla. Feb. 27, 2017) (dismissing negligence claim with prejudice where "[a] review of the paragraphs in Count Three of the Complaint does not show any independent duties not imposed by the contract").

### D. Plaintiffs' Negligent Misrepresentation Claim (Count IV) Is Insufficiently Pled

Plaintiffs' negligent misrepresentation claim should be dismissed because they fail to plead the essential elements of this claim, much less with the particularity required to satisfy Rule 9(b)'s heightened pleading standard.

To survive a motion to dismiss a claim for negligent misrepresentation in Florida, Plaintiffs must allege: (1) Fitness misrepresented a material fact Plaintiffs believed to be true but which was in fact false; (2) Fitness was negligent in making the statement because it should have known the representation was false; (3) Fitness intended to induce Plaintiffs to rely on the misrepresentation; and (4) injury resulted to the Plaintiffs acting in justifiable reliance upon the misrepresentation. *See McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013).

In addition, Plaintiffs must satisfy Rule 9(b)'s heightened pleading standard, which "applies to negligent misrepresentation claims asserted under Florida law because such claims sound in fraud." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1127 (11th Cir. 2019). Rule 9(b) requires Plaintiffs to allege: "(1) the precise statements, documents, or misrepresentations made;

(2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled [them]; and (4) what the defendant[] gained by the alleged fraud." *Id*.

Here, Plaintiffs do not allege *any* of these essential elements.  Plaintiffs do not identify *any* misrepresentations by Fitness, much less "state who made them or how or where the misrepresentations were made" as Rule 9(b) requires. *Cristal Yachts, Ltd. v. Cantieri Di Baia Spa*, No. 10-civ-60604, 2011 U.S. Dist. LEXIS 162955, at *7-8 (S.D. Fla. Mar. 22, 2011) (dismissing negligent misrepresentation claim and explaining Rule 9(b) "works to safeguard defendants against spurious charges of immoral or fraudulent behavior"); *Roberts v. Victoria's Secret Stores, LLC*, No. 18-cv-61534, 2018 U.S. Dist. LEXIS 205142, at *18 n.2 (S.D. Fla. Dec. 3, 2018) (finding allegation that a statement was a misrepresentation was "insufficient, as it fail[ed] to identify or describe the precise statement or document through which the alleged misrepresentation was made"); *Neelu Aviation, LLC v. Boca Aircraft Maint., LLC*, No. 18-cv-81445, 2019 U.S. Dist. LEXIS 129454, at *18 (S.D. Fla. Aug. 2, 2019) (dismissing negligent misrepresentation claim because even though "Plaintiff has identified the time and place [of the misrepresentation], it does not indicate how the precise alleged misrepresentation was made, nor the person responsible for making the statement").  Indeed, because the Membership Agreements unambiguously provide Plaintiffs are entitled to an extension of their membership term, and not a refund, Plaintiffs cannot plausibly identify any misrepresentations by Fitness. *See* Membership Agreements at 2.

Nor does the Amended Complaint plead specific facts showing Plaintiffs relied on an alleged misrepresentation, which alone warrants dismissal of their claim. *See Wilding*, 941 F.3d at 1127 (affirming dismissal of negligent misrepresentation claim where plaintiffs "failed to allege with particularity the manner in which they relied on the defendants' statements"); *Hazen*

*Constr., LLC v. BellSouth Telcoms., Inc.*, No. 6:11-cv-516-Orl-35DAB, 2011 U.S. Dist. LEXIS 166004, at *4 (M.D. Fla. May 10, 2011) (dismissing negligent misrepresentation claim because "Plaintiff has made no allegation that Defendant had any intent to induce reliance on its representation"); *McGee*, 520 F. App'x at 832 (holding plaintiffs failed to state a claim for negligent misrepresentation where the "only allegation concerning reliance repetitively offered by the plaintiffs is the conclusory claim that they relied upon the [defendant's] statements to proceed with the purchase").

The independent tort rule also bars Plaintiffs' negligent misrepresentation claim because they have not "alleged tortious conduct beyond and independent of the alleged breach" of contract. *Callaway Marine Techs., Inc. v. Tetra Tech, Inc.*, No. 16-cv-20855, 2016 U.S. Dist. LEXIS 177445, at *15 (S.D. Fla. Dec. 22, 2016) (finding contract governed dispute and plaintiff's "negligent misrepresentation claims are, therefore, barred under the independent tort rule"); *Moragon v. Ocwen Loan Servicing, LLC*, No. 6:17-cv-2028-Orl-40KRS, 2018 U.S. Dist. LEXIS 233679, at *5 (M.D. Fla. Apr. 18, 2018) (finding plaintiff's negligent misrepresentation claims "fail because Plaintiff must demonstrate negligence independent of a breach of contract claim").

    **E.**    **Plaintiffs' Claim for Breach of the Implied Duty of Good Faith and Fair Dealing (Count V) Fails Because They Do Not Allege a Breach of an Express Contractual Provision**

Under Florida law, "an action for breach of the implied covenant of good faith cannot be maintained in the absence of a breach of an express contract provision." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1316 (11th Cir. 1999) (citing *Hospital Corp. of America v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998)); *accord Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006) ("Under Florida law, there is no independent cause of action for breach of an implied covenant of good faith and fair dealing. . . . [A] party must allege

that an express contractual provision has been breached"). As the court explained in *Shibata v. Lim*, 133 F. Supp. 2d 1311 (M.D. Fla. 2000), the duty of good faith and fair dealing is a salutary rule of construction in evaluating contractual performance and, thus, "must relate to the performance of an express term of the contract, and it is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." *Id*. at 1318.

As demonstrated above, Plaintiffs fail to identify an express contractual provision in the Membership Agreements that Fitness allegedly breached, which "dooms [their] claim for breach of the implied covenant of good faith and fair dealing." *Burger King Corp.*, 169 F.3d at 1318; *see also Corp. Fin., Inc. v. Principal Life Ins. Co.*, 461 F. Supp. 2d 1274, 1288 (S.D. Fla. 2006) (holding covenant of good faith and fair dealing "cannot be used to create a breach of contract where there was no breach of any express term of the contract").[5]

Plaintiffs' implied covenant of good faith and fair dealing claim also fails because Fitness merely exercised its contractual right to extend their membership term. It is a basic principle of contract law that this "covenant 'cannot be invoked to prevent the exercise of contractual rights.'" *SMA Portfolio Owner, LLC v. CPX Tampa Gateway Opag, LLC*, No. 8:11-cv-1925-T-23EAJ, 2014 U.S. Dist. LEXIS 127981, at *7 (M.D. Fla. Sep. 12, 2014). An implied duty of good faith "'may not be imposed to override express terms in [a] contract.'" *Burger King Corp.*, 169 F.3d at 1316; *see also Ins. Concepts & Design, Inc. v. Healthplan Servs.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001) (affirming dismissal of complaint and holding "the implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties"). Because Fitness had the contractual right to engage in the actions alleged in the

---

[5] Moreover, Plaintiffs' Membership Agreements explicitly disclaim any such implied claims. *See id.* at 2 ("Fitness makes no warranties or representations, express or implied, other than those set forth herein.").

Amended Complaint, Plaintiffs' implied covenant claim must be dismissed. *See Tim Hortons USA, Inc. v. Singh*, No. 16-23041-CIV, 2017 U.S. Dist. LEXIS 176719, at *43 (S.D. Fla. Oct. 25, 2017) ("Moreover, because Plaintiffs acted within their contract rights, they did not violate any implied contractual duties."); *Barnes*, 932 F. Supp. at 1438 ("The implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties.").

Furthermore, Plaintiffs' implied covenant claim fails because their allegations "are repetitive of that conduct alleged for the general breach-of-contract counterclaim." *Amica Mut. Ins. Co. v. Morowitz*, 613 F. Supp. 2d 1358, 1362 (S.D. Fla. 2009). Indeed, Plaintiffs' "claim for breach of the implied covenant of good faith and fair dealing is indistinguishable from [their] claim for breach of contract" and, thus, is "wholly subsumed within the claim for breach of contract." *Enola Contracting Servs. v. URS Grp., Inc.*, No. 5:08cv2-RS-EMT, 2008 U.S. Dist. LEXIS 33441, at *18 (N.D. Fla. Apr. 23, 2008) (dismissing claim for breach of the covenant of good faith and fair dealing because "Plaintiff has not pled a basis for recovery other than ordinary contract damages"); *Trief*, 444 F. Supp. 2d at 1270 (dismissing claim for breach of the covenant of good faith and fair dealing because no contractual provision was breached and finding, "[a]lternatively, it appears that Plaintiff's allegations in count II amount to nothing more than a general allegation for breach of contract and are therefore duplicative").

## CONCLUSION

For the foregoing reasons, Fitness respectfully requests the Court enter an order:

(1)     dismissing Plaintiff Enzinna's claims with prejudice for lack of standing or for failure to state a claim; and

(2)     in the event the Court does not compel Barnett to arbitrate his claims, dismissing Barnett's claims with prejudice for failure to state a claim.

Dated:  May 20, 2020

Respectfully submitted,

**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

By:   *s/ Sheldon A. Philp*
Sheldon A. Philp
Florida Bar No. 020123
sphilp@whitecase.com
W. Dylan Fay
Florida Bar No. 125673
wfay@whitecase.com

*Counsel for Defendant Fitness International, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By:  *s/ Sheldon A. Philp*
Sheldon A. Philp