**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

KIP BARNETT and SAMUEL ENZINNA,   Case No. 20-CV-60658-WPD

    Plaintiffs,

v.

FITNESS INTERNATIONAL, LLC,

    Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Fitness International submits this memorandum of law in further support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion") [ECF No. 18].

## ARGUMENT

Plaintiffs' claims are all premised on Fitness's alleged "refusal to refund" their March monthly membership fee after the COVID-19 pandemic forced the temporary closure of Fitness's facilities. As Fitness demonstrated, however, the Membership Agreements Plaintiffs signed—which Plaintiffs do not dispute are properly before the Court on this Motion—expressly provide that Fitness's contractual duty in this circumstance is to extend Plaintiffs' contract term for a period equal to the time their clubs are closed. Mot. at 3-5. Plaintiffs' own allegations show Fitness complied with its contractual obligation by offering Plaintiffs a one-month extension of the term of their memberships. *Id.* Thus, the express terms of their agreements foreclose Plaintiffs' claims and this Court should dismiss them as a matter of law.

Plaintiff Enzinna's claims also should be dismissed because, as Enzinna admits, Fitness fully and unconditionally refunded his March membership fee, as it has done for many other members in good standing who requested a refund.[1] *Id.* at 2. Thus, as Fitness demonstrated, Enzinna lacked standing to sue from the very outset because his alleged injury was fully redressed before he joined this lawsuit. *Id.* at 6-10. As the Supreme Court and Eleventh Circuit have repeatedly instructed, "that a lawsuit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Id.* at 9.

Plaintiffs do not rebut these points in their Opposition ("Opp.") [ECF No. 19]. Instead, Enzinna continues to mischaracterize his refund—which he admits Fitness applied directly to his debit card account without any conditions—as a "settlement offer" and insists, relying on inapposite cases involving an unaccepted offer of judgment or an isolated refund to the named plaintiff only, that he has standing to sue Fitness for "wrongfully refusing to refund" his March

---

[1] Fitness declined plaintiff Barnett's refund request because he owes Fitness more than $530 for unpaid personal training fees. Fitness instead offered to extend Barnett's membership term for one month, as well as other benefits; offering more than Barnett is entitled to under the terms of his Membership Agreement. Although Barnett now disputes he owes Fitness any money, as Fitness demonstrated in its motion to compel arbitration, Barnett agreed in his signed, written arbitration agreement that an arbitrator, not a court, should decide the parties' dispute. *See* ECF Nos. 9, 17.

membership fee because *he* refused Fitness's refund. As Fitness demonstrated, courts have repeatedly rejected such attempts by putative class plaintiffs to manufacture standing by bypassing Article III standing requirements.

Plaintiffs' additional arguments fail for several reasons. First, Plaintiffs concede they cannot identify an express contractual provision that Fitness allegedly breached, and the actual terms of their Membership Agreements contradict their conclusory assertion that Fitness was required to refund their March monthly fee when its facilities suddenly became unavailable by government order. Plaintiffs' implied covenant of good faith and fair dealing claim fails for the same reason, as Fitness merely exercised its contractual right to extend Plaintiffs' membership term. Second, Plaintiffs' unjust enrichment claim fails as a matter of law because the existence of an express contract is not in doubt here. Indeed, Plaintiffs not only alleged the content of their Membership Agreements in the Amended Complaint, but the parties have filed copies of these contracts, whose authenticity is not in question. Thus, Plaintiffs' assertion that an unjust enrichment claim can proceed in the alternative "until an express contract is proven" (Opp. at 13) is irrelevant. Plaintiffs' reliance on inapposite cases where, unlike Fitness here, defendants maintained they were "not in privity with" plaintiffs is likewise misplaced. Finally, Plaintiffs contend their negligence and negligent misrepresentation claims survive dismissal because Fitness purportedly owes them a "fiduciary duty" (Opp. at 15, 17) stemming from its ability to access Plaintiffs' bank accounts to withdraw monthly membership fees. Plaintiffs cite no authority holding such allegations create a fiduciary duty between Fitness and Plaintiffs. On the contrary, courts have found such allegations merely establish an arm's length relationship with limited obligations, not a relationship of "trust and confidence" or "special circumstances" as required to establish a fiduciary duty claim. Plaintiffs' negligent misrepresentation claim also must be dismissed because they do not even attempt to contest Fitness's showing that the Complaint fails to satisfy Rule 9(b)'s heightened pleading standard.

I.  **ENZINNA LACKS STANDING TO SUE**

Enzinna admits Fitness fully and unconditionally refunded his March membership fee before he joined this lawsuit, as it has done for many other members in good standing who requested a refund. Mot. at 6-10. Enzinna does not contest Fitness's authority holding that this direct, unconditional refund did not represent a settlement offer, and, thus, Enzinna's purported rejection of the refund "is immaterial" and "does not extend the life of the dispute." *Id.* at 8.

Enzinna also does not contest Fitness's authority, including Supreme Court and Eleventh Circuit precedent, holding that he cannot bypass these individual standing requirements by purporting to file on behalf of a class. *See id.* Therefore, as Fitness demonstrated, Enzinna's claims should be dismissed with prejudice because he "never had standing to pursue monetary relief in the first place." *Id.* (quoting *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016));[2] *see also Doucet v. Int'l Hair Inst., LLC*, No. 17-cv-823, 2017 U.S. Dist. LEXIS 191734, at *14 (S.D. Cal. Nov. 17, 2017) ("Charges to [plaintiff's] card for the products were fully refunded, and she too therefore lacks standing to seek reimbursement of those charges.").

Instead, Enzinna continues to mischaracterize Fitness's refund as an "offer of settlement" (Opp. at 5), and then argues from this erroneous premise that "unaccepted contract offers are nullities." *Id.* at 7. Indeed, the "overwhelming authority" Enzinna contends supports his standing argument are actually cases involving offers of judgment or conditional settlement offers that are plainly inapposite.[3] For example, far from being "directly on point" as Enzinna contends (Opp. at 5), *Campbell-Ewald* involved an "offer of judgment pursuant to Federal Rule of Civil Procedure 68" that the defendant filed well after plaintiff filed the lawsuit. *Campbell-*

---

[2] Enzinna misrepresents the court's holding in *Luman*. Opp. at 9. The court *affirmed* the dismissal of a plaintiff, who, like Enzinna, filed suit "after he received a monetary refund." *Luman*, 647 F. App'x at 806. The court remanded only the claims of a separate plaintiff whose "claim for monetary relief was unpaid when he joined the lawsuit." *Id.* at 807.

[3] *See* Opp. at 5-9 (citing cases all involving offers of judgment or conditional settlement offers: *Edelsberg v. Brea Fin. Grp., Ltd. Liab. Co.*, No. 18-CV-62119, 2019 U.S. Dist. LEXIS 29941, at *2 (S.D. Fla. Feb. 26, 2019); *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 543 (7th Cir. 2017); *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 625 (7th Cir. 2017); *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1139 (9th Cir. 2016); *Geismann v. ZocDoc, Inc.*, 909 F.3d 534, 537 (2d Cir. 2018); *Eisenband v. Credit Pros Int'l Corp.*, 2018 U.S. Dist. LEXIS 61725, at *2 (S.D. Fla. Apr. 10, 2018); *Susinno v. Work Out World, Inc.*, No. 15-cv-5881, 2017 U.S. Dist. LEXIS 194930 (D.N.J. Nov. 28, 2017); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 167 F. Supp. 3d 582, 584 (S.D.N.Y. 2016); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, No. 14-CV-5008, 2016 U.S. Dist. LEXIS 28974, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016); *Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650, 655-56 (E.D. Pa. 2016); *O'Neal v. America's Best Tire LLC*, No. 16-cv-00056, 2016 U.S. Dist. LEXIS 72064, at *10 (D. Ariz. June 2, 2016) (plaintiffs "received and rejected an offer of judgment" during litigation, not an unconditional refund); *Main v. Gateway Genomics, LLC*, No. 15-cv-2945, 2016 U.S. Dist. LEXIS 183034, at *15 n.6 (S.D. Cal. Aug. 1, 2016) (defendant did not actually refund plaintiff, but simply sent "its refund policy in a responsive email communication"); *Browning Ferris, Inc. v. Montgomery Cty.*, 1990 U.S. Dist. LEXIS 11800, at *6-7 (E.D. Pa. Sept. 4, 1990); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986)).

*Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).  Based on these dissimilar facts, the majority concluded: "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect."  *Id.*

As the court explained in *Demmler v. ACH Food Cos.*, No. 15-13556-LTS, 2016 U.S. Dist. LEXIS 123540 (D. Mass. June 9, 2016), "*Campbell-Ewald* does not defeat [plaintiff's] motion" to dismiss for lack of standing in these circumstances.  *Id.* at *12 (concluding "because ACH did actually tender full relief to Demmler, this Court cannot offer Demmler individually any more relief on his underlying claim than ACH provided"); *see also Lepkowski v. Camelbak Prods., LLC*, No. 19-cv-04598, 2019 U.S. Dist. LEXIS 214555, at *5-6 (N.D. Cal. Dec. 12, 2019) (granting motion to dismiss named plaintiff, who received an unconditional refund, and noting "courts have routinely found that similarly situated plaintiffs lack standing to pursue monetary claims").

Enzinna contends Fitness's refund does not account for his prayer seeking "injunctive relief" in the form of a "guarantee" by Fitness not to charge membership fees when its facilities are closed.  FAC at 15.  The Amended Complaint alleges that after Fitness closed its facilities, it suspended "all billing" starting April 1, 2020.  FAC ¶ 30.  Thus, Enzinna cannot allege "a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury," as required to establish standing for injunctive relief.  *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (affirming dismissal of injunctive relief claim).  "Given the lack of any present injury or real and immediate threat of repeated injury, [Enzinna] lacks standing to seek injunctive relief and his request for such relief must be dismissed."  *Pena v. United States Coast Guard Seventh Dist.*, No. 18-civ-23188, 2019 U.S. Dist. LEXIS 172144, at *11-12 (S.D. Fla. Oct. 2, 2019); *see also Luman*, 647 Fed. App'x at 807 (dismissing because plaintiffs "cannot demonstrate a likelihood of future injury").

II. **PLAINTIFFS FAIL TO PLEAD A PLAUSIBLE CLAIM FOR RELIEF**

   **A. Plaintiffs Allege No Facts Showing Fitness Failed to Fulfill Its Contractual Obligation**

Plaintiffs concede they do not identify any specific contract provision of the Membership Agreements that Fitness actually failed to perform.  Mot. at 11.  Plaintiffs contend, relying on *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1359 (11th Cir. 2020) (Opp. at 10), that "general" allegations of a breach suffice to state a cause for breach of contract.  But, the court in *Estate of Bass* actually held that the plaintiff "failed to meet his pleading requirements" where,

like Plaintiffs here, he "only 'generally asserted' a breach of contract, without identifying 'any provisions or any specific agreements that were breached.'" *Id.* at 1358; *see also Houston v. Centene Mgmt. Co., LLC*, No. 19-CIV-20620, 2019 U.S. Dist. LEXIS 182635, at *6-7 (S.D. Fla. Oct. 20, 2019) ("[I]n order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached."). Plaintiffs also contend the Membership Agreements impose a "duty" on Fitness not to charge customers fees when Fitness clubs are not available to them (*see* Opp. at 11), but "[u]pon thorough review, it appears these contractual duties do not appear in the contract." *Hines v. FiServ, Inc.*, No. 8:08-cv-2569-T-30AEP, 2010 U.S. Dist. LEXIS 39896, at *14-15 (M.D. Fla. Mar. 25, 2010) (finding "[v]ague allegations of some unidentifiable duties are not sufficient to state a claim for breach of contract").

In fact, the Membership Agreements specifically address Fitness's obligations when the "Fitness Club facilities are unavailable to Member for a continuous period in excess of 72 hours." Mot. Ex. 1 at 2. Rather than imposing a "duty" not to charge members or to refund their membership fees in these circumstances, as Plaintiffs contend, the Membership Agreements specifically provide that the "Fitness Club Membership time (upon request) shall be extended for a period equal to the time of such unavailability." *Id.* Plaintiffs do not, and cannot, dispute that their own Complaint alleges Fitness offered them an extension of the term of their Fitness Club Memberships after it temporarily closed its facilities in March 2020. *See* FAC ¶ 7.[4] Instead, Plaintiffs disingenuously contend "it was possible to use Defendant's facilities and, thus, they were not available." Opp. at 13. Again, Plaintiffs' own complaint contradicts their contention, as it repeatedly alleges Fitness's facilities were mandatorily closed due to the COVID-19 pandemic. *See*, *e.g.*, FAC ¶ 38 ("LA Fitness closed due to the coronavirus yesterday. I can't use the facility. It is closed.").

---

[4] Plaintiffs' reliance on cases where the plaintiff actually identified express contractual provisions the defendant breached are thus inapposite. *See Al-Ghena Int'l Corp. v. Radwan*, No. 13-civ-61557, 2014 U.S. Dist. LEXIS 199129, at *22 (S.D. Fla. Apr. 14, 2014) (plaintiff identified "obligations" the contract "imposed"); *Wevercomm Co. v. Fiplex Communs., Inc.*, No. 18-civ-21378, 2019 U.S. Dist. LEXIS 84491, at *5 (S.D. Fla. Feb. 25, 2019) (plaintiff "allege[d] the contractual provision breached by Defendant"); *Nvision Glob. Tech. Sols. v. Cardinal Health*, No. 1:11-cv-0389, 2012 U.S. Dist. LEXIS 202717, at *13 (N.D. Ga. Jan. 10, 2012) (plaintiff identified "specific duties" the contract required defendant to perform).

Plaintiffs' argument that the Membership Agreements' provision limiting Plaintiffs' remedies to cancellation creates "an unreasonable disparity in remedy alternatives" and is "illusory" (Opp. at 11) is a red herring.  This clause, which applies only in the event Fitness breached the Membership Agreements, is irrelevant here because Plaintiffs do not allege a breach by Fitness.  Moreover, "[i]t is well settled that a cancellation clause does not render a contract illusory and unenforceable unless it allows a party an unrestricted right to terminate at his pleasure." *Serra v. Saturn of Clearwater, Inc.*, No. 8:08-cv-856-T-33MAP, 2008 U.S. Dist. LEXIS 104723, at *6 (M.D. Fla. Dec. 29, 2008) (noting "[w]here the contract can be cancelled only upon certain stated conditions, even if they amount to only slight restrictions, the contract is considered to be supported by adequate consideration").  Plaintiffs' cases, which merely state general principles of contract law and do not specifically address cancellation clauses (*see* Opp. at 11-12), are irrelevant.

### B. Plaintiffs' Unjust Enrichment Claim Fails Because the Existence of an Express Contract Is Not in Doubt

Plaintiffs do not contest Fitness's authority demonstrating that an unjust enrichment claim is only proper in the absence of a written agreement. Mot. at 13.  Instead, Plaintiffs argue that an unjust enrichment claim may proceed until "an express contract is proven."  Opp. at 13.  Plaintiffs' argument is irrelevant because the existence of an express contract is not in doubt here.  Indeed, Plaintiffs allege the content of their Membership Agreements in the Amended Complaint (*see* FAC ¶¶ 52-58), and the parties have filed copies of these contracts, whose authenticity is not in question.  Where, as here, the existence of an express contract is not in dispute, the Eleventh Circuit has held unjust enrichment claims "must be *dismissed*." *Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019) (emphasis added); *see also Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) (alternative pleading is permitted only "if one or more parties contest the existence of an express contract governing the subject of the dispute"); *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) (holding "Plaintiff[s] may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 8" where "there is a valid express contract that no party challenges").

Plaintiffs have no answer to Fitness's authority.  Instead, they cite inapposite cases which allowed unjust enrichment claims to proceed where, unlike Fitness here, the defendant disputed

the existence or enforceability of the parties' contract.[5]

### C. Plaintiffs' Negligence Claim Fails as a Matter of Law

Plaintiffs concede their negligence claim must be dismissed unless they allege Fitness owed them a duty independent of their contract. Mot. at 14-15; *see also Mortg. Contracting Servs., LLC v. J & S Prop. Servs. LLC*, No. 17-cv-1566-T-36CPT, 2018 U.S. Dist. LEXIS 109967, at *8 (M.D. Fla. July 2, 2018) (holding plaintiff must allege defendant "owed some separate duty outside of that created by the Agreement"). Plaintiffs attempt to salvage this claim by arguing their allegations "establish the existence of a fiduciary duty" between them and Fitness. Opp. at 15. Leaving aside that the phrase "fiduciary duty" appears nowhere in their Complaint, Plaintiffs' negligence claim fails because the Amended Complaint contains no allegations that would give rise to such a duty between the parties. "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Serra-Cruz v. Carnival Corp.*, No. 18-cv-23033, 2019 U.S. Dist. LEXIS 23591, at *35 (S.D. Fla. Feb. 11, 2019) (quoting *Watkins v. NCNB Nat. Bank of Fla., N.A.*, 622 So. 2d 1063, 1064 (Fla. 3d DCA 1993)).

Here, Plaintiffs do not allege they either sought, or Fitness undertook to provide them, advice, counsel, or protection. Plaintiffs instead contend Fitness has a "fiduciary duty" stemming from its ability to access Plaintiffs' bank accounts to withdraw monthly membership fees. Opp. at 15. But Plaintiffs cite no authority holding such allegations give rise to a fiduciary duty by Fitness to Plaintiffs. *See id.* at 15-16. On the contrary, courts have found such allegations merely "establish an arm's length bargain imposing limited obligations on the parties, not a relationship of 'trust and confidence' or 'special circumstances' as required to make out a fiduciary duty claim." *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014); *see also Spada Props. v. Unified Grocers, Inc.*, 121 F. Supp. 3d 1070, 1093 (D. Or. 2015) (finding

---

[5] *See Garcia v. Clarins USA, Inc.*, No. 14-civ-21249, 2014 U.S. Dist. LEXIS 182426, at *16 (S.D. Fla. Sep. 4, 2014) (defendants argued they were "not in privity with" the plaintiff); *Precision, Inc. v. NexGen Aero, Ltd. Liab. Co.*, No. 17-civ- 61106, 2017 U.S. Dist. LEXIS 159888, at *16 (S.D. Fla. Sep. 27, 2017) (existence of contract was disputed); *Justice v. Rheem Mfg. Co.*, No. 14-civ-80017, 2014 U.S. Dist. LEXIS 179128, at *22 (S.D. Fla. Aug. 21, 2014) (finding "the existence and enforceability of a contract will be at issue"); *Supercase Enter. Co. v. Marware, Inc.*, No. 14-civ-61158, 2014 U.S. Dist. LEXIS 195225, at *12 (S.D. Fla. Nov. 21, 2014) (defendants argued plaintiffs did not sufficiently allege the terms of a contract).

the "contractual right to obtain payment of [defendant's] invoices from [plaintiff's] bank account by automatic withdrawal" did not create a fiduciary duty); *Risenhoover v. AT&T Umbrella Benefits Plan No. 1*, No. 08-CV-1401, 2009 U.S. Dist. LEXIS 136852, at *5 (S.D. Cal. June 9, 2009) ("Plaintiff next urges the Court to find a fiduciary relationship exists between a bank and automatic-bill-pay clients . . . But Plaintiff is unable to point to any authority that would allow the Court to find the existence of such a duty.").

In sum, because Fitness does not owe Plaintiffs a fiduciary duty as a matter of law, and because Plaintiffs have failed to identify any other extra-contractual duty Fitness owes them, their negligence claims must be dismissed. *See* Mot. at 14-15; *Gomez Packaging Corp. v. Smith Terminal Warehouse Co.*, No. 11-civ-21992, 2011 U.S. Dist. LEXIS 165628, at *11 (S.D. Fla. Sep. 12, 2011) (dismissing negligence claim because plaintiff "has not alleged a breach of duty in negligence independent of a breach of contract"); *Everest Indem. Ins. Co. v. Cintas Corp. No.2*, No. 19-civ-60405, 2019 U.S. Dist. LEXIS 90955, at *11 (S.D. Fla. May 28, 2019) ("Given the absence of any legal duty independent of the contract, the Court finds Plaintiff's negligence claim should be dismissed.").

### D. Plaintiffs' Negligent Misrepresentation Claim Is Insufficiently Pled

Plaintiffs do not contest Fitness's showing that they fail to identify *any* affirmative misrepresentations by Fitness. Mot. at 15-16. Instead, Plaintiffs contend they have alleged a cause for negligent misrepresentation by omission. *See* Opp. at 17 (alleging Fitness "fail[ed] to advise Plaintiffs and Class Members that it would be voluntarily closing its facilities before closing them, and before collecting fees from Plaintiffs and the Class Members") (quoting FAC ¶ 76). Plaintiffs' conclusory allegation falls far short of meeting Rule 9(b)'s requirement that they identify "the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them." *Visonic Sys. v. AT&T Dig. Life (In re SIG, Inc.)*, 971 F. Supp. 2d 1178, 1196-97 (S.D. Fla. 2013). Plaintiffs' Opposition does not even attempt to address Fitness's cases dismissing negligent misrepresentation claims in these circumstances under Rule 9(b). *See* Mot. at 15-17.

Plaintiffs' claim also fails because, as their own authority instructs, "omissions are not actionable as fraudulent misrepresentations unless the party omitting the information owes a duty of disclosure to the party receiving the information." *Behrman v. Allstate Life Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005). Because no such contractual obligation exists here, such a

duty arises only if there is "a fiduciary or other relation of trust or confidence between [the parties]." *Id.* Plaintiffs contend "the operative pleading establishes a fiduciary relationship stemming from Defendant's availability to access Plaintiffs' bank accounts" (Opp. at 17). As with their deficient negligence claim, however, Plaintiffs cite no authority holding such allegations give rise to a fiduciary duty by Fitness to Plaintiffs. *See supra*, Section II.C. Moreover, as Fitness established above, the law is to the contrary. *See id.*; *see also Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 396 (W.D.N.Y. 2010) ("That [a defendant] may have been in a position to withdraw funds from plaintiffs' accounts does not make it a fiduciary."); *id.* (concluding plaintiffs' "argument that [defendant] had a fiduciary duty by virtue of its access to plaintiffs' bank accounts is not persuasive").

Because Plaintiffs' allegations do not, as a matter of law, establish a fiduciary duty on the part of Fitness, their negligent misrepresentation claim must be dismissed. *See Muy v. IBM*, No. 4:19cv14-MW/CAS, 2019 U.S. Dist. LEXIS 228904, at *7 (N.D. Fla. Nov. 25, 2019) ("Plaintiff is free to plead fraudulent misrepresentation by omission. Plaintiff cannot, however, present this claim as negligent misrepresentation without alleging a fiduciary duty or the like.").

### E. Plaintiffs' Claim for Breach of the Implied Duty of Good Faith and Fair Dealing Fails

Plaintiffs do not contest Fitness's authority holding their failure to identify an express contractual provision Fitness breached "dooms [their] claim for breach of the implied covenant of good faith and fair dealing." Mot. at 18 (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999)). Instead, Plaintiffs simply insist their allegations are "not repetitive" of their contract claim because the covenant of good faith serves as a "gap-filling default rule." Opp. at 18. This argument is irrelevant because it applies only "where the contract is ambiguous as to the permissibility of the conduct." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1321 (M.D. Fla. 2000). As Fitness established above (*see supra*, Section II.A), the Membership Agreements unambiguously state Fitness's contractual duty to its members when its facilities are unavailable—the "Fitness Club Membership time (upon request) shall be extended for a period equal to the time of such unavailability." *See Shibata*, 133 F. Supp. 2d at 1321 (finding "[n]o gap-filler is needed to determine or protect the parties' expectations" and dismissing claim where there was "no difference between the factual underpinnings of [plaintiff's] breach of contract claim and his claim for breach of the implied covenant").

Because Plaintiffs' own allegations show Fitness complied with its express contractual

obligation by offering Plaintiffs an extension of the term of their memberships, Plaintiffs' claim for breach of the covenant of good faith and fair dealing must be dismissed. *See* Mot. at 18-19; *Tim Hortons USA, Inc. v. Singh*, No 16-23041-CIV, 2017 U.S. Dist. LEXIS 176719, at *43 (S.D. Fla. Oct. 25, 2017) ("Moreover, because Plaintiffs acted within their contract rights, they did not violate any implied contractual duties."); *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla. 1996) ("The implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties.").

## CONCLUSION

For the foregoing reasons, as well as those set forth in its opening memorandum of law, Fitness respectfully requests the Court enter an order:

(1) dismissing Plaintiff Enzinna's claims with prejudice for lack of standing or for failure to state a claim; and

(2) in the event the Court does not compel Plaintiff Barnett to arbitrate his claims on an individual basis, dismissing Barnett's claims with prejudice for failure to state a claim.

Dated: June 9, 2020         Respectfully submitted,

**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

By:   *s/ Sheldon A. Philp*
Sheldon A. Philp
Florida Bar No. 020123
sphilp@whitecase.com
W. Dylan Fay
Florida Bar No. 125673
wfay@whitecase.com

*Counsel for Defendant Fitness International, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *s/ Sheldon A. Philp*
Sheldon A. Philp