UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60658-CIV-DIMITROULEAS/SNOW

KIP BARNETT, individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.

FITNESS INTERNATIONAL, LLC,
d/b/a LA FITNESS,

        Defendant.
_____/

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

THIS CAUSE is before the Court on Defendant's Motion to Compel Arbitration and Stay Action.  (ECF No. 9) This Motion was referred to the undersigned by the Honorable William P. Dimitrouleas for appropriate disposition.  (ECF No. 11)

On March 30, 2020, Plaintiff, Kip Barnett (Plaintiff or Barnett) commenced this putative class action against Defendant Fitness International d/b/a LA Fitness (Defendant or LA Fitness) for Unjust Enrichment and Negligence.  (ECF No. 1)  On April 21, 2020, Defendant moved to compel arbitration of Barnett's claims based on "his signed, written agreement to submit the parties' dispute to an arbitrator, not a court." (ECF No. 9)  In response, Barnett filed an Amended Complaint for Breach of Contract, Unjust Enrichment, Negligence, Negligent Misrepresentation and Breach of Implied Covenant of Good Faith and Fair Dealing and adding Samuel Enzinna  as

a plaintiff.[1]  (ECF No. 12)

Defendant filed its Motion to Compel Arbitration arguing that Plaintiff's claims may not be heard in this Court but rather are subject to a binding arbitration. Defendant attached to the above-referenced Motion a Personal Training Agreement that contains the arbitration clause at issue. (ECF No. 9-1 at 10) It is undisputed that the Personal Training Agreement was entered into by the parties, that it contains an arbitration clause and that Plaintiff Barnett did not opt out of that provision.[2]

In the arbitration clause, the Defendant cites to a portion of it that provides that "in the event of any dispute" between the parties, the parties "consent to arbitrate that dispute before a single arbitrator under the then current Rules of the American Arbitration Association . . ."  Further, the arbitration clause states that "**[t]he arbitrator shall interpret and determine the validity of the arbitration provision, including unconscionability**." (ECF 9-1 at 10) (emphasis added)  The arbitration clause also provides that the "Federal Arbitration Act governs arbitrability of all disputes" between the parties and expressly delegates the determination of arbitrability to the arbitrator.  (ECF No. 9-1 at 10).

Although the Defendant referenced the provision expressly providing that the arbitrator has the responsibility "to interpret and determine the validity of the

---

[1] This Motion relates only to Plaintiff Kip Barnett.

[2] Plaintiff argues that the arbitration clause should not apply here for other reasons such as termination of the Personal Training Agreement and that his claims allegedly do not fall within the context of the arbitration clause since his claims were brought pursuant to the Membership Agreement.

arbitration provision," and cites to the Rules of the American Arbitration Association (AAA) and the Federal Arbitration Act (FAA), neither of the parties discussed the threshold issue of the jurisdictional effect that the express delegation clause and the references to the AAA and the FAA may have on the issues before this Court and its jurisdiction to entertain those issues. See, e.g., Jpay, Inc. v. Kobel, 904 F.3d 923, 936-937 (11th Cir. 2018); Martinez v. Wells Fargo Bank, N.A. (In Re Checking Account Overdraft Litig.), No. 1:09-MD-02036-JLK, 2019 WL 6838631, at *4 (S.D. Fla. September 26, 2019) (citing Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S.Ct. 524, 529-530 (2019); Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67-71 (2010); Given v. M&T Bank Corp., 674 F.3d 1252, 1256-57 (11th Cir. 2012)); Seminole Cty. Tax Collector v. Domo, Inc., No. 6:18-CV-1933-ORL-40-DCI, 2019 WL 1901019, at *9 (M.D. Fla. Feb. 13, 2019), report and recommendation adopted, No. 6:18-CV-1933-ORL-40-DCI, 2019 WL 1772108 (M.D. Fla. Apr. 23, 2019).  See also Terminix Int'l Co., LP v. Palmer Ranch Ltd., P'ship, 432 F.3d 1327, 1332 (11th Cir. 2005); Yakovee v. Miami Heat Ltd. P'ship, No. 20-20540-CIV-MORENO (S.D. Fla. April 30, 2020), ECF No. 18; Donado v. MRC Express, Inc., No. 17-24032-CIV, 2018 WL 318473, at *2 (S.D. Fla. Jan. 4, 2018); Spirit Airlines, Inc. v. Maizes, No. 17-61086-CIV, 2017 WL 4155476, at *6 (S.D. Fla. Sept. 19, 2017); Senior Services of Palm Beach LLC v. ABCSP Inc., No. 12-80226-CIV, 2012 WL 2054971, at *3 (S.D. Fla. June 7, 2012); Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P., 670 F. Supp. 2d 1350, 1354-1355 (S.D. Fla. 2009); See also CaringOnDemand, LLC v. Ventive LLC, No. 18-80211-CIV, 2018 WL 3093543, at *3 (S.D. Fla. June 22, 2018).  It appears that this

jurisdictional issue may be dispositive of the Motion before the Court and thus, requires further briefing by the parties.

Having carefully reviewed the Motion, the Response and Reply thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED that the parties shall file with the Court supplemental briefing that addresses the jurisdictional effect of the express delegation of authority clause contained in the arbitration provision entered into by the parties, the agreement to apply the Rules of the American Arbitration Association and to be governed by the Federal Arbitration Act, analyzing the precedent cited above as well as any other cases the parties deem relevant.

(1)  Defendant shall file a memorandum of law discussing this issue that does not exceed eight pages which shall be filed no later than July 24, 2020.

(2)  Plaintiff shall file a responsive memorandum of law not to exceed eight pages that shall be filed no later than July 31, 2020.

(3)  Thereafter, the parties shall schedule a one hour telephone conferral regarding the issues raised in the supplemental brief and the response which shall occur no later than 2:00 p.m., on August 4, 2020.

(4)  If the parties are able to stipulate to the resolution of Defendant's Motion to Compel Arbitration, Defendant shall file a Notice of Withdrawal of the Motion and instruct the Court as to the relief requested as to Plaintiff Kip Barnett no later than 6:00 p.m., August 4, 2020.

(5)  If the parties are unable to agree on the resolution of the pending Motion,

4

Defendant shall file its Reply no later than August 7, 2020, which shall not exceed five pages.

DONE AND ORDERED at Fort Lauderdale, Florida, this 17th day of July 2020.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record