UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-60658-CIV-DIMITROULEAS/SNOW

KIP BARNETT and SAMUEL ENZINNA,

       Plaintiffs,

v.

FITNESS INTERNATIONAL, LLC,

       Defendant.
_____/

## DEFENDANT'S SUPPLEMENTAL BRIEF

Pursuant to the Court's Order Requiring Supplemental Briefing dated July 17, 2020 ("Order") [ECF No. 21], defendant Fitness International, LLC ("Fitness") files this supplemental brief in support of its Motion to Compel Arbitration and Stay Action ("Motion") [ECF No. 9]. The Order directs the parties to "address[] the jurisdictional effect of the express delegation of authority clause contained in the arbitration provision entered into by the parties, the agreement to apply the Rules of the American Arbitration Association and to be governed by the Federal Arbitration Act, analyzing the precedent cited above as well as any other cases the parties deem relevant." Order at 4.

## INTRODUCTION

As the Order notes, the undisputed evidence shows that a written arbitration agreement exists between plaintiff Kip Barnett and Fitness. *See* Order at 2 ("It is undisputed that the Personal Training Agreement was entered into by the parties, that it contains an arbitration clause and that Plaintiff Barnett did not opt out of that provision.").

Accordingly, Barnett bears the burden of demonstrating that the arbitration agreement is invalid or his dispute is otherwise non-arbitrable. Barnett contends that arbitration is

inappropriate because (1) the Personal Training Agreement was terminated and (2) his claims do not fall within the scope of the arbitration provision.  As set forth more fully below, however, precedent from the Supreme Court and the Eleventh Circuit mandates that, pursuant to the express delegation clause in the parties' arbitration agreement, the arbitrator must decide each of the issues Barnett presents and therefore the Court lacks jurisdiction to address them.

## ARGUMENT

**The Arbitrator Has Sole Authority to Decide Barnett's Positions Concerning the Validity and Scope of the Arbitration Provision**

While the FAA presumes the Court will decide threshold questions regarding the validity of the parties' arbitration agreement and the arbitrability of their dispute, parties to a contract may delegate such authority to the arbitrator.  The United States Supreme Court has explained that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).  "When the parties' contract delegates the arbitrability questions to an arbitrator, the courts must respect the parties' decision as embodied in the contract."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019).

### A.  The Delegation Clause Is Clear and Unmistakable

"When there is clear and unmistakable evidence of this agreement, any ambiguity as to whether an issue falls within the scope of the agreement should be resolved in favor of arbitration and committed to the arbitrator's determination."  *Foley v. Morgan Stanley & Co.*, No. 11-CV-60348, 2011 U.S. Dist. LEXIS 173336, at *9 (S.D. Fla. Mar. 28, 2011).  A delegation clause is clear and unmistakable "where the agreement explicitly assigns [the issue of arbitrability] to the arbitrator."  *Rent-A-Center,* 561 U.S. at 65.

Here, the arbitration provision in the Personal Training Agreement clearly and unmistakably delegates the question of arbitrability to the arbitrator.  The sweeping language of the arbitration provision requires Barnett to arbitrate "any dispute" between him and Fitness on an individual basis.  *See* Personal Training Agreement [ECF No. 9-1] at 10.  The arbitration clause also provides that the FAA governs the arbitrability of all disputes and expressly delegates the determination of arbitrability to the arbitrator.  *See id.*  ("You and [Fitness] also agree that the Federal Arbitration Act governs the arbitrability of all disputes between you and [Fitness] . . . The arbitrator shall interpret and determine the validity of the arbitration provision, including unconscionability.").

Moreover, the Eleventh Circuit has explained that when an arbitration provision "references AAA rules" and provides that all disputes will be resolved under AAA rules, "this alone serves as a clear and unmistakable delegation of questions of arbitrability to an arbitrator." *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir. 2018); *Terminix Int'l Co, LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) ("By incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid").

Here, the parties agreed in the Personal Training Agreement to arbitrate all disputes "before a single arbitrator under the then current rules of the American Arbitration Association." *See* ECF No. 9-1 at 10.  Rule 14 of the AAA Consumer Rules provides: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."  Am. Arbitration Ass'n, Consumer Arbitration Rules (amended Sept. 1, 2014), https://www.adr.org/sites/default/files/Consumer_Rules_Web_1.pdf.   The Personal Training

Agreement's incorporation of the AAA's Rules "clearly and unmistakably" demonstrates the parties "contracted to submit questions of arbitrability to an arbitrator." *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014) (citing *Terminix Int'l Co.*, 432 F.3d at 1332).

      **B.**    **The Court Lacks Jurisdiction to Entertain Barnett's Arguments Against Arbitration**

Barnett's Opposition ("Opp.") [ECF No. 13] does not challenge the existence of the arbitration agreement. Rather, Barnett contends that arbitration is inappropriate because: (1) the Personal Training Agreement containing the arbitration provision was terminated; and (2) his claims do not fall within the scope of the arbitration provision because he bases them on the Membership Agreement. *See* Order at 2 n.2; Opp. at 5-10. Both arguments involve threshold questions concerning validity and scope that the arbitrator, not the Court, must determine.

Upon "finding that an arbitration agreement delegates these determinations to the arbitrator, a court must refer to the arbitrator *all* defenses to the enforcement of the arbitration provision, including issues involving scope and validity." *Martinez v. Wells Fargo Bank, N.A. (In re Checking Account Overdraft Litig.)*, No. 1:09-MD-02036-JLK, 2019 U.S. Dist. LEXIS 85962, at *24 (S.D. Fla. Sep. 26, 2019); *see also Steffanie A. v. Gold Club Tampa, Inc.*, No. 8:19-cv-3097-T-33TGW, 2020 U.S. Dist. LEXIS 20269, at *6 (M.D. Fla. Feb. 6, 2020) ("When parties clearly and unmistakably defer the issue of arbitrability to the arbitrator, however, the court should compel arbitration without assessing the arbitration agreement's validity or scope.") (citing *Terminix Int'l Co.*, 432 F.3d at 1332-33).

Barnett's first argument—that the Personal Training Agreement was terminated—is clearly a dispute about "whether the parties have agreed to arbitrate" and, therefore, is a "question[] of arbitrability" the parties have delegated to the arbitrator. *Rent-A-Center*, 561 U.S.

at 68-69; *see also CaringOnDemand, LLC v. Ventive LLC*, No. 18-cv-80211, 2018 U.S. Dist. LEXIS 104434, at *9-10 (S.D. Fla. June 22, 2018) (noting "the Supreme Court recognizes that parties can enter into agreements to arbitrate 'gateway' questions of 'arbitrability,' such as *whether the parties have agreed to arbitrate*") (emphasis added).  Because the express language of the arbitration agreement "confirms that the parties intended to delegate questions of arbitrability" to the arbitrator, the Court's "inquiry is thus at an end." *JPay, Inc.*, 904 F.3d at 940.

Barnett's second argument—that there is no "nexus" between the Personal Training Agreement and his claims—simply argues his claims "fall outside the scope of the arbitration provision." *Inferno Grp. Holdings, LLC v. 1000 Degrees Pizzeria Franchise, Inc.*, No. 17-cv-80983, 2017 U.S. Dist. LEXIS 219925, at *18 (S.D. Fla. Nov. 27, 2017) (compelling arbitration where parties "delegated the scope of the arbitration provision to the arbitrator"). Courts have specifically rejected Barnett's position that his "claim has no nexus or relationship to the [contract]" and compelled arbitration where, as here, a broad arbitration provision "clearly and unmistakably commits the question of arbitrability to an arbitrator." *Foley*, 2011 U.S. Dist. LEXIS 173336, at *9.

In summary, Barnett's arguments against compelling arbitration fail because "unless [a plaintiff] challenge[s] [a] delegation provision specifically, [a court] must treat it as valid . . . and enforce it . . . , leaving any challenge to the validity of the [agreement to arbitrate] as a whole for the arbitrator." *Rent-A-Ctr.*, 561 U.S. at 72; *see also Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015) (When "an arbitration agreement contains a delegation provision—committing to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable—the courts only retain jurisdiction to review a challenge to that specific

provision."). Barnett has not challenged the delegation provision specifically, and has no valid basis to do so.

Because the arbitration agreement here "evidences a 'clear and unmistakable' intent by the parties to arbitrate threshold questions of arbitrability, the court 'possesses no power to decide the arbitrability issue.'" *Martinez*, 2019 U.S. Dist. LEXIS 185962, at *24 (quoting *Henry Schein*, 139 S. Ct. at 529-30). The Court should compel arbitration under these circumstances.

## CONCLUSION

For the foregoing reasons, as well as those in its Motion [ECF No. 9] and Reply [ECF No. 17], Fitness respectfully requests the Court enter an order compelling Barnett to arbitrate this dispute on an individual basis and dismissing or staying this action pending completion of the arbitration.

Dated:  July 24, 2020

Respectfully submitted,

**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

By:   *s/ Sheldon A. Philp*
Sheldon A. Philp
Florida Bar No. 020123
sphilp@whitecase.com
W. Dylan Fay
Florida Bar No. 125673
wfay@whitecase.com

*Counsel for Defendant Fitness International, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *s/ Sheldon A. Philp*
      Sheldon A. Philp